IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

CYNTHIA LAICH,
o/b/o ESTATE OF CAROLE A. SKERBEC,

      Plaintiff,

V.                                        CIVIL ACTION NO. 3:08-1092

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## **MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying decedent Carole A. Skerbec's[1] applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Ms. Skerbec protectively filed her applications on March 28, 2005, alleging disability commencing March 1, 2005, as a consequence of a Basilar aneurysm. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found her not disabled, in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, she filed a civil action seeking review of the Commissioner's decision.

---

[1] Carole A. Skerbec, the claimant and original plaintiff in this case, died on April 11, 2008. Thereafter, Cynthia Laich was substituted as plaintiff.

At the time of the administrative decision, Ms. Skerbec was forty-five years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a prep cook. In his decision, the administrative law judge found that she suffered from depression, substance addiction disorder and residuals of brain aneurysm, impairments which he considered severe. Though concluding that plaintiff was unable to perform her past work,[2] the administrative law judge determined that she had the residual functional capacity for a limited range of medium level work. On the basis of this finding, and relying on Rule 203.31 of the medical-vocational guidelines[3] and the testimony of a vocational expert, he found plaintiff not disabled.

At the outset, it is noted that plaintiff has submitted additional evidence with her brief consisting of a subsequent favorable decision by the Commissioner. This document was not a part of the administrative record and is considered only insofar as it bears on plaintiff's motion to remand.

Remand on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before the Commissioner is established; and (4) plaintiff offers "at least a general showing of the nature" of the newly discovered evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

In the instant case, the decision of the administrative law judge finding plaintiff not disabled was rendered on June 18, 2007 ("first decision"). On August 11, 2008, following the filing of a

---

[2]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[3]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 3.

second application the Commissioner issued a favorable decision finding plaintiff disabled as of August 22, 2007 ("second decision"), two months after the first denial by an administrative law judge and eleven months prior to the Appeal Council's denial of review. For the reasons hereafter set forth, the Court finds that this matter must be remanded for consideration of this second decision as new and material evidence.

The second decision finding plaintiff disabled as of a date falling between the administrative law judge's decision and the Appeal Council's denial of review obviously raises questions concerning whether plaintiff was actually disabled during the relevant period of time for the first decision. It is unclear, based on the evidence before this Court, whether the second decision was based on any of the same evidence that was available to the first administrative law judge, and is, thus, unclear to this Court what, if anything, had changed in this short period of time to cause the plaintiff to become disabled.

The factual scenario of this case is almost identical to that of M.I.A. v. Astrue, No. 07-5742, 2008 WL 4681381 (E.D.La. Oct. 20, 2008), where the Court held that the award of disability benefits in the time between the administrative law judge's decision and the Appeal Council's denial of review was new evidence because there was a "reasonable possibility that the outcome of the decision ... would have changed." Cases within this district have consistently held that a disability determination that commences very near in time after an administrative law judge's opinion that plaintiff is not disabled constitutes new and material evidence necessitating remand. See Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D.W.Va.2006); Reichard v. Barnhart, 285 F.Supp.2d 728 (S.D.W.Va. 2003). While the time period in this case is a matter of months, as opposed to days, this Court finds the same logic applies. Evidence considered in reaching the second, favorable decision,

"might well have changed the outcome in this case . . .." Bradley v. Barnhart, supra at 580. That determination, however, must be made by the Commissioner. Accordingly, remand is appropriate so that the Commissioner's decision on the second application and the evidence upon which it relied can be examined to determine whether modification of the first decision is necessary.

On the basis of the foregoing, it is **ORDERED** that, pursuant to sentence six, this case be remanded to the Commissioner for consideration of new evidence.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: December 21, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE